**McCORMICK & PRIORE, P.C.**
By:  Robert J. Cahall, Esquire (Attorney I.D. #011492010)
      Igor Konstankevich, Esquire (Attorney I.D. #176192015)
300 Carnegie Ctr. Blvd, Suite 160
Princeton, New Jersey 08540
Tel. (609) 716-9550
Fax (609) 716-8140
rcahall@mccormickpriore.com
ikonstankevich@mccormickpriore.com

*Attorneys for Nominal Defendant,*
    *Zerify, Inc., formerly known as,*
    *Strikeforce Technologies, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COSTANTINO ZANFARDINO, Derivatively on Behalf of Nominal Defendant ZERIFY, INC., formerly known as STRIKEFORCE TECHNOLOGIES, INC., | Case No. 2:22-CV-07258-MCA-AME |
| Plaintiff, | |
| v. | **NOTICE OF MOTION TO DISMISS PLAINTIFF COSTANTINO ZANFARDINO'S DERIVATIVE COMPLAINT** |
| MARK L. KAY, ROMARAO PEMMARAJU AND GEORGE WALLER, | |
| Defendants, | <u>Return Date</u>: July 3, 2023 |
| And, | |
| ZERIFY, INC., formerly known as STRIKEFORCE TECHNOLOGIES, INC. | |
| Nominal Defendant. | |

TO:   Clerk of the Court
      United States District Court
      District of New Jersey
      Martin Luther King Jr. Bldg. & U.S. Courthouse
      50 Walnut Street
      Newark, NJ  07102

      Matthew F. Gately, Esquire
      Cohn Lifland Pearlman Herrmann & Knopf LLP
      Park 80 West – Plaza One
      250 Pehle Avenue, Suite 401
      Saddle Brook, NJ  07663
      *Attorneys for Plaintiff,*
          *Costantino Zanfardino,*
          *Derivatively on Behalf of Nominal Defendant Zerify, Inc.,*
          *formerly known as Strikeforce Technologies, Inc.*

      Jonathan M. Korn, Esquire
      Blank Rome LLP
      300 Carnegie Center, Suite 220
      Princeton, NJ 08540
      *Attorneys for Defendants,*
          *Ramarao Pemmaraju, Mark L. Kay, and George Waller*

**PLEASE TAKE NOTICE** that on July 3, 2023 at 9:00 a.m., or as soon as counsel may be heard, the undersigned attorneys for Nominal Defendant, Zerify, Inc., formerly known as, Strikeforce Technologies, Inc., shall apply to the United States District Court for the District of New Jersey, located at Martin Luther King Jr. Bldg. & U.S. Courthouse, at 50 Walnut Street, Courtroom 2D, Newark, NJ 07102, before the Honorable Andre M. Espinosa, United States Magistrate Judge, for the entry of an Order dismissing Plaintiff Costantino Zanfardino's Derivative Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon

which relief can be granted failure to plead with particularity, and for such other relief as may be deemed just and proper.

**PLEASE TAKE FURTHER NOTICE** that reliance shall be placed upon the accompanying Memorandum of Law, Certification of Counsel of Robert J. Cahall, Esquire, with exhibits, and the pleadings, files, and records in this matter.

**PLEASE TAKE FURTHER NOTICE** that oral argument is respectfully requested, pursuant to <u>Rule</u> 78.1 of the Local Rules.

A proposed form of Order is annexed hereto pursuant to <u>Rule</u> 6 of the Local Rules.

Respectfully submitted,

**McCORMICK & PRIORE, P.C.**

By: *Robert J. Cahall*
      Robert J. Cahall, Esquire
      Igor Konstankevich, Esquire
      *Attorneys for Nominal Defendant,*
        *Zerify, Inc., formerly known as,*
        *Strikeforce Technologies, Inc.*

Dated: <u>June 8, 2023</u>

**McCORMICK & PRIORE, P.C.**
By:  Robert J. Cahall, Esquire (Attorney I.D. #011492010)
     Igor Konstankevich, Esquire (Attorney I.D. #176192015)
300 Carnegie Ctr. Blvd, Suite 160
Princeton, NJ  08540
Tel. (609) 716-9550
Fax (609) 716-8140
rcahall@mccormickpriore.com
ikonstankevich@mccormickpriore.com

*Attorneys for Nominal Defendant,*
    *Zerify, Inc., formerly known as,*
    *Strikeforce Technologies, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COSTANTINO ZANFARDINO, Derivatively on Behalf of Nominal Defendant ZERIFY, INC., formerly known as STRIKEFORCE TECHNOLOGIES, INC., | Case No. 3:22-CV-07258 |
| Plaintiff, | |
| v. | **CERTIFICATION OF SERVICE** |
| MARK L. KAY, ROMARAO PEMMARAJU AND GEORGE WALLER, | |
| Defendants, | |
| And, | |
| ZERIFY, INC., formerly known as STRIKEFORCE TECHNOLOGIES, INC. | |
| Nominal Defendant. | |

1.      I, Robert J. Cahall, Esquire, hereby certify that on June 8, 2023, a true and correct copy of the within Motion to Dismiss and all accompanying papers will be electronically filed with the United States District Court, District of New Jersey, Newark, New Jersey, on behalf of Zerify, Inc., formerly known as, Strikeforce Technologies, Inc., to:

> Clerk of the Court
> United States District Court
> District of New Jersey
> Martin Luther King Jr. Bldg. & U.S. Courthouse
> 50 Walnut Street
> Newark, NJ  07102

2.      Additionally, I further hereby certify that a true copy hereof was forwarded on March 10, 2023, via electronic mail, to:

> Matthew F. Gately, Esquire
> Peter S. Pearlman, Esquire
> Cohn Lifland Pearlman Herrmann & Knopf LLP
> Park 80 West – Plaza One
> 250 Pehle Avenue, Suite 401
> Saddle Brook, NJ  07663
> *Attorneys for Plaintiff,*
> *Costantino Zanfardino,*
> *Derivatively on Behalf of Nominal Defendant Zerify, Inc.,*
> *formerly known as Strikeforce Technologies, Inc.*
> mfg@njlawfirm.com
> psp@njlawfirm.com

Jonathan M. Korn, Esquire
Andrew T. Hambelton, Esquire
Daniel E. Rhynhart, Esquire
Elizabeth V. Young, Esquire
Blank Rome LLP
300 Carnegie Center, Suite 220
Princeton, NJ 08540
*Attorneys for Defendants,*
    *Ramarao Pemmaraju, Mark L. Kay, and George Waller*
jonathan.korn@blankrome.com
ahambelton@blankrome.com
dan.rhynhart@blankrome.com
elizabeth.young@blankrome.com

Respectfully submitted,

**McCORMICK & PRIORE, P.C.**

By:  *Robert J. Cahall*
Robert J. Cahall, Esquire
Igor Konstankevich, Esquire
*Attorneys for Nominal Defendant,*
   *Zerify, Inc., formerly known as,*
   *Strikeforce Technologies, Inc.*

Dated: June 8, 2023

**McCORMICK & PRIORE, P.C.**
By:  Robert J. Cahall, Esquire (Attorney I.D. #011492010)
     Igor Konstankevich, Esquire (Attorney I.D. #176192015)
300 Carnegie Ctr. Blvd, Suite 160
Princeton, NJ  08540
Tel. (609) 716-9550
Fax (609) 716-8140
rcahall@mccormickpriore.com
ikonstankevich@mccormickpriore.com

*Attorneys for Nominal Defendant,*
*    Zerify, Inc., formerly known as,*
*    Strikeforce Technologies, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COSTANTINO ZANFARDINO, Derivatively on Behalf of Nominal Defendant ZERIFY, INC., formerly known as STRIKEFORCE TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARK L. KAY, ROMARAO PEMMARAJU AND GEORGE WALLER, <br><br> Defendants, <br><br> And, <br><br> ZERIFY, INC., formerly known as STRIKEFORCE TECHNOLOGIES, INC. <br><br> Nominal Defendant. | Case No. 3:22-CV-07258 <br><br><br> **CERTIFICATION OF COUNSEL** |

I, Robert J. Cahall, Esq., being of full age, do hereby declare under the penalties of perjury, pursuant to 28 U.S.C. § 1746, that:

1.      I am an attorney-at-law, licensed to practice in the State of New Jersey, and a Managing Partner with McCormick & Priore, P.C., attorneys for Defendant, Zerify, Inc., formerly known as, Strikeforce Technologies, Inc. (hereinafter "Zerify").  Accordingly, I have actual knowledge of the facts stated herein and been entrusted with the handling of this matter.

2.      I submit this Certification in support of Defendant Zerify's Motion for entry of an Order dismissing Plaintiff Costantino Zanfardino's Derivative Complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted for failure to plead with particularity, and for such other relief as may be deemed just and proper.

## Zerify

3.      On August 24, 2001, Strikeforce Technologies, Inc. was incorporated under the laws of the State of New Jersey.

4.      On November 15, 2010, Strikeforce Technologies, Inc. redomiciled to the State of Wyoming.

5.      On June 14, 2022, Strikeforce Technologies, Inc. announced it was changing its name to Zerify, Inc. to highlight its secure video conferencing platform and emphasize its cyber-security expertise and focus.

## **Procedural Background**

6.      On June 10, 2022, Plaintiff Costantino Zanfardino forwarded a Demand Pursuant to Wyo. Stat. Ann § 17-16-742 to investigate alleged breaches of fiduciary duties, mismanagement, and other alleged violations of the Board, consider any remedies, and evaluate the independence, and disinterestedness of the members of the Board.   *See* Exhibit "1" in Plaintiff Costantino Zanfardino's Derivative Complaint, attached hereto as **Exhibit "A."**

7.      The letter also detailed nine (9) specific transactions/occurrences requesting that Zerify investigate these transactions/occurrences, which started on or about January thru March 31, 2021, to the end of the calendar year.

8.      On August 18, 2022, Zerify provided a formal written response to Plaintiff Costantino Zanfardino's Demand.   *See* Exhibit "3" in **Exhibit "A."**

9.      In addition, in the aforementioned letter, Zerify responded to each of the nine (9) specific transactions/occurrences.

10.      After conducting the investigation, Zerify concluded that it was not aware of any wrongdoing internally by Zerify or any of its officers or directors.   *See* Exhibit "3" in **Exhibit "A."**

11.      After Zerify's written response, Plaintiff Costantino Zanfardino did not provide any additional follow-up and/or further inquiries, pertaining to the Demand and/or the nine (9) specific transactions/occurrences.

12.     On December 13, 2022, Plaintiff Costantino Zanfardino, Derivatively on Behalf of Nominal Defendant Zerify, Inc., formerly known as Strikeforce Technologies, Inc., filed a Verified Stockholder Derivative Complaint.  *See* **Exhibit "A."**

## Motion to Dismiss/Briefing Schedule

13.     The individual Defendants acknowledged their intent to file a Motion to Dismiss.

14.     With the consent of all counsel of record, the parties agreed to a proposed briefing schedule, as follows:

> a.  Any motion to dismiss shall be served by email on or before March 10, 2023;
>
> b.  Any opposition shall be served by email on or before May 9, 2023;
>
> c.  Any reply shall be filed on or before June 8, 2023.
>
> *See* Counsel Letter (Doc. 14), attached hereto as **Exhibit "B."**

## Exhibits

15.     All documents attached hereto are true and correct copies of the originals.

16.     Additionally, a Memorandum of Law is annexed herein in support of the relief requested.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                    **McCORMICK & PRIORE, P.C.**

                              By:   *Robert J. Cahall*
                                    Robert J. Cahall, Esquire
                                    Igor Konstankevich, Esquire
                                    *Attorneys for Nominal Defendant,*
                                    *Zerify, Inc., formerly known as,*
                                    *Strikeforce Technologies, Inc.*

Dated: June 8, 2023

**McCORMICK & PRIORE, P.C.**
By:  Robert J. Cahall, Esquire (Attorney I.D. #011492010)
       Igor Konstankevich, Esquire (Attorney I.D. #176192015)
300 Carnegie Ctr. Blvd, Suite 160
Princeton, NJ  08540
Tel. (609) 716-9550
Fax (609) 716-8140
rcahall@mccormickpriore.com
ikonstankevich@mccormickpriore.com

*Attorneys for Nominal Defendant,*
       *Zerify, Inc., formerly known as,*
       *Strikeforce Technologies, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COSTANTINO ZANFARDINO, Derivatively on Behalf of Nominal Defendant ZERIFY, INC., formerly known as STRIKEFORCE TECHNOLOGIES, INC., | Case No. 3:22-CV-07258 |
| Plaintiff, | |
| v. | |
| MARK L. KAY, ROMARAO PEMMARAJU AND GEORGE WALLER, | |
| Defendants, | |
| And, | |
| ZERIFY, INC., formerly known as STRIKEFORCE TECHNOLOGIES, INC. | |
| Nominal Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## NOMINAL DEFENDANT, ZERIFY, INC., FORMERLY KNOWN
## AS, STRIKEFORCE TECHNOLOGIES, INC.'S
## MOTION TO DISMISS

On the brief:
Robert J. Cahall, Esquire, and Igor Konstankevich, Esquire

# TABLE OF CONTENTS

I.   **Preliminary Statement** ..........................................................................16

II.   **Background** ............................................................................................16

III.   **Legal Arguments** ...................................................................................17

IV.   **Conclusion** .............................................................................................20

# TABLE OF AUTHORITIES

## **Cases**

*Aronson v. Lewis*, 473 A.2d 805 (Del.1984) ...........................................................20

*Brehm v. Eisner*, 746 A.2d 244 (Del. 2000). .........................................................19

*Brehm v. Eisner*, 746 A.2d 244 (Del.2000) .........................................................20

*Centrella v. Morris*, Wyo., 597 P.2d 958 (1979) ..................................................17

*Cotter on behalf of Reading Int'l, Inc. v. Kane,* 473 P.3d 451 (Nev. 2020) ...........17

*Evancho v. Fisher*, 423 F.3d 347 (3d Cir. 2005) ...................................................19

*GOB, LLC v. Rainbow Canyon, Inc.*, 2008 WY 157, (Wyo. 2008) .......................17

*Groel v. United Elec. Co.*, 70 N.J. Eq. 616, 61 A. 1061 (Ch. 1905) ......................17

*In re Johnson & Johnson Derivative Litig.*, 865 F. Supp. 2d 545 (D.N.J. 2011)....19

*In re PSE&G Shareholder Litig.*, 173 N.J. 258 (2002). .................................. 19, 20

*Kanter v. Barella*, 489 F.3d 170 (3d Cir. 2007).....................................................19

*Kaplan v. Peat, Marwick, Mitchell & Co*., 540 A.2d 726 (Del. 1988)...................17

*Smith v. Stone*, 21 Wyo. 62, 95, 128 P. 612 (1912)...............................................17

*Solimine v. Hollander*, 129 N.J. Eq. 264, 19 A.2d 344 (Ch. 1941).......................16

## **Treatises**

WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1821, at 6 (2007)............................................................................................................17

## **Statutes**

Wyo. Stat. Ann. § 17–16–741..................................................................................18

## **Rules**

Del. R. Ch. Ct. 23.1.................................................................................................18

Fed. R. Civ. P. 23.1.................................................................................................18

Wyo. R. Prac. & P. 23.1..........................................................................................18

## I.   <u>PRELIMINARY STATEMENT</u>

Zerify, as a Nominal Defendant, takes no position as to the merits of the claims presented in Plaintiff Costantino Zanfardino's Derivative Complaint, or those presented in Defendants Motion to Dismiss.  However, Zerify solely challenges that Plaintiff Costantino Zanfardino's Derivative Complaint is pled with a sufficient amount of particularity and specificity.

## II.   <u>BACKGROUND</u>

Zerify provides secure video conferencing solutions and cutting-edge cyber security for all industries.  It was initially incorporated on August 24, 2001, pursuant to the laws of the State of New Jersey.  *See* Cert. of Counsel at ¶ 3.  On November 15, 2010, Zerify redomiciled to the State of Wyoming.  *See* Cert. of Counsel at ¶ 4. On June 14, 2022, Strikeforce Technologies, Inc. changed its name to Zerify, Inc. *See* Cert. of Counsel at ¶ 5.  The Board of Directors of Zerify is comprised of Defendants Mark L. Kay, Romarao Pemmaraju, and George Waller.  See **Exhibit "A,"** at 10.

Here, given the nature of this derivative action and its status as a Nominal Defendant, Zerify takes a neutral position as to the merits of the claims asserted in Plaintiff Costantino Zanfardino's Derivative Complaint against the Defendants. *Solimine v. Hollander*, 129 N.J. Eq. 264, 268, 19 A.2d 344, 346 (Ch. 1941); also

referencing *Groel v. United Elec. Co.*, 70 N.J. Eq. 616, 621, 61 A. 1061 (Ch. 1905) (holding that a corporate defendant is permitted to raise standing issues without evaluating the merits of the case); *Kaplan v. Peat, Marwick, Mitchell & Co*., 540 A.2d 726, 731 (Del. 1988). *See also Cotter on behalf of Reading Int'l, Inc. v. Kane,* 473 P.3d 451, 453 (Nev. 2020) ("We conclude that a corporation, as a nominal defendant, is precluded from challenging the merits of a derivative action, but may challenge a shareholder plaintiffs standing in such action.").

## III.   <u>LEGAL ARGUMENT</u>

### <u>Plaintiff Failed to Plead this Derivative Action with the Necessary Particularity and Specificity.</u>

In a derivative action, an individual shareholder, director, or member asserts a cause of action on behalf of the corporation.  See *GOB, LLC v. Rainbow Canyon, Inc.*, 2008 WY 157, ¶ 13 (Wyo. 2008); quoting WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1821, at 6 (2007).  Accordingly, any "recovery in such actions inures to the corporation rather than to the stockholders as individuals."  *Centrella v. Morris*, Wyo., 597 P.2d 958, 962 (1979), quoting from *Smith v. Stone*, 21 Wyo. 62, 95, 128 P. 612, 621 (1912).

In order to bring a derivative action, a shareholder must meet certain requirements:

(a) A shareholder may not commence or maintain a derivative proceeding unless the shareholder:

> (i) Was a shareholder of the corporation at the time of the act or omission complained of, or became a shareholder through transfer by operation of law from one who was a shareholder at the time; and
> (ii) Fairly and adequately represents the interests of the corporation in enforcing the right of the corporation."

*See* Wyo. Stat. Ann. § 17–16–741.

These requirements are further elaborated in Wyo. R. Prac. & P. 23.1, which sets forth pleading requirements for the Complaint, including that it must be verified and must also:

> (1) allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law;
> (2) allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack; and
> (3) state with particularity:
>> (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and
>> (B) the reasons for not obtaining the action or not making the effort.

These same requirements are mirrored and similarly tailored in Delaware, as outlined in Del. R. Ch. Ct. 23.1, as well as the Federal Rules of Civil Procedures. *See generally*, Fed. R. Civ. P. 23.1. Accordingly, courts must assess the sufficiency

of the plaintiff's allegations based on this heightened pleading standard. *In re Johnson & Johnson Derivative Litig.*, 865 F. Supp. 2d 545, 549 (D.N.J. 2011).

Specifically, a plaintiff must plead with particularity, if any, the efforts that were made by the plaintiff to obtain the action the plaintiff requests from the directors or reasons. *In re PSE&G Shareholder Litig.*, 173 N.J. 258 (2002).  As the Court is already aware, the purpose of Rule 23.1 demand is to allow the directors the opportunity to exercise their reasonable business judgment. *Id*, at 277.  In deciding such issues, a court applies the "federal procedural requirement of particularized pleading." *Johnson*, supra, at 555.

Furthermore, as with any Rule 12(b)(6) motion, the court is required to accept as true all the allegations in the complaint and all reasonable inferences that can be drawn therefrom and view in light most favorable to the plaintiff. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007); also quoting *Brehm v. Eisner*, 746 A.2d 244, 249 (Del. 2000).  However, the Court should "not credit either bald assertions or legal conclusions in a complaint when deciding a motion to dismiss." *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (internal quotes removed).

Here, Plaintiff initially provided a list of potential transactions that it found suspectable. See **Exhibit "A"** at ¶¶ 22, 24-42.  In response, Zerify investigated and responded to Plaintiff's list of demands.  To date, Plaintiff has not provided any further clarification of the claims about any alleged damage to Zerify and/or

breaches of fiduciary duty, waste of corporate assets, and unjust enrichment. Instead, Plaintiff has filed the Derivative Complaint at issue herein seeking an unspecified amount of damages.

Stated differently, Plaintiff's Derivative Complaint has not set forth the required specificity necessary to plead this claim.  By drawing from case law from Delaware, and as applied in New Jersey, the plaintiffs must:

> plead with particularity facts creating a reasonable doubt that: (1) the directors are disinterested and independent, **_or_** (2) the challenged transaction was otherwise the product of a valid exercise of business judgment.  If either prong is satisfied, demand will be excused under [Rule 4:32–3].
>
> *PSE&G Shareholder Litig*, supra, at 282; see also *Aronson v. Lewis*, 473 A.2d 805, 815 (Del.1984), overruled on other grounds by *Brehm v. Eisner*, 746 A.2d 244 (Del.2000) (emphasis added).

Accordingly, Plaintiff's Derivative Complaint deferred as to both prongs, and cannot proceed further.  Accordingly, Plaintiff's Derivative Complaint, as presented herein, is deficit in this regard and should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6).


## IV.   <u>CONCLUSION</u>

For all of the foregoing reasons, Nominal Defendant, Zerify, Inc., formerly known as, Strikeforce Technologies, Inc., respectfully requests that this Honorable Court enter an Order dismissing Plaintiff Costantino Zanfardino's Derivative

Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim, upon which relief can be granted for failure to plead with particularity, and for such other relief as may be deemed just and proper.

Respectfully submitted,

**McCORMICK & PRIORE, P.C.**

By: *Robert J. Cahall*
 Robert J. Cahall, Esquire
 Igor Konstankevich, Esquire
 *Attorneys for Nominal Defendant,*
 *Zerify, Inc., formerly known as,*
 *Strikeforce Technologies, Inc.*

Dated: June 8, 2023

**McCORMICK & PRIORE, P.C.**
By:  Robert J. Cahall, Esquire (Attorney I.D. #011492010)
      Igor Konstankevich, Esquire (Attorney I.D. #176192015)
300 Carnegie Ctr. Blvd, Suite 160
Princeton, NJ  08540
Tel. (609) 716-9550
Fax (609) 716-8140
rcahall@mccormickpriore.com
ikonstankevich@mccormickpriore.com

*Attorneys for Nominal Defendant,*
     *Zerify, Inc., formerly known as,*
     *Strikeforce Technologies, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COSTANTINO ZANFARDINO, Derivatively on Behalf of Nominal Defendant ZERIFY, INC., formerly known as STRIKEFORCE TECHNOLOGIES, INC., | Case No. 3:22-CV-07258 |
| Plaintiff, | **[PROPOSED] ORDER GRANTING ZERIFY, INC., FORMERLY KNOWN AS, STRIKEFORCE TECHNOLOGIES, INC.'S MOTION TO DISMISS** |
| v. | |
| MARK L. KAY, ROMARAO PEMMARAJU AND GEORGE WALLER, | |
| Defendants, | |
| And, | |
| ZERIFY, INC., formerly known as STRIKEFORCE TECHNOLOGIES, INC. | |
| Nominal Defendant. | |

**THIS MATTER** having been opened to the Court by Robert J. Cahall, Esq. of McCormick & Priore, P.C., Attorneys for Nominal Defendant, Zerify, Inc., formerly known as, Strikeforce Technologies, Inc., seeking the entry of an Order dismissing Plaintiff Costantino Zanfardino's Derivative Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted for failure to plead with particularity, and the Court having read and considered the moving papers, certification of counsel with exhibits, memorandum of law in support, any oppositions and/or replies, and having entertained oral argument (if applicable), for an Order dismissing Plaintiff's Derivative Complaint, and upon good cause being shown:

**IT IS** on this _____ day of _____, 20_____;

**ORDERED** that Nominal Defendant, Zerify, Inc., formerly known as, Strikeforce Technologies, Inc., Motion to Dismiss, is hereby **GRANTED**; and it is further,

**ORDERED** that pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff Costantino Zanfardino's Derivative Complaint and all claims asserted therein are hereby **DISMISSED** for failure to state a claim upon which relief can be granted for failure to plead with particularity; and it is further,

**ORDERED** that pursuant to <u>Rule</u> 5.2 of the Local Rules of the Court, the Movant shall serve a copy of this Order upon all parties not served electronically within seven (7) days of receipt of this Order.

_____

**HON. MADELINE COX ARLEO, U.S.D.J.**