**COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP**
Matthew F. Gately
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
(201) 845-9600 (telephone)
(201) 845-9423 (fax)
mfg@njlawfirm.com

(Additional Counsel on Signature Page)

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COSTANTINO ZANFARDINO, Derivatively on Behalf of Nominal Defendant ZERIFY, INC., formerly known as STRIKEFORCE TECHNOLOGIES, INC., <br><br>         Plaintiff, <br><br>     v. <br><br> MARK L. KAY, ROMARAO PEMMARAJU AND GEORGE WALLER, <br><br>         Defendants, <br><br>        And, <br><br> ZERIFY, INC., formerly known as STRIKEFORCE TECHNOLOGIES, INC. <br><br>        Nominal Defendant. | Case No.: 2:22-cv-07258-MCA-AME <br><br><br><br><br><br><br><br><br> **Returnable: December 16, 2024** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF DERIVATIVE SETTLEMENT**

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ...................................................................................1

II.     PROCEDURAL AND FACTUAL BACKGROUND .......................................................3

        A.      Factual Background ...................................................................................3

        B.      Proceedings in this Action .........................................................................4

III.    THE SETTLEMENT CONFERS SUBSTANTIAL BENEFITS ON ZERIFY .................5

IV.     LEGAL STANDARDS FOR PRELIMINARY APPROVAL...................................7

V.      THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL .........................8

        A.      Continued Litigation Would be Complicated, Costly, and Time-
                Consuming ................................................................................................9

        B.      The Degree of Case Development and Informal Discovery Permit
                Counsel to Make Well-Informed Judgments Regarding the
                Merits and the Proposed Settlement .......................................................10

        C.      The Risks of Attempting to Establish Liability and Damages
                through Continued Litigation Are Substantial.........................................12

        D.      The Individual Defendants' Limited Financial Assets .............................13

        E.      Range of Reasonableness of Settlement in Light of the Best Possible
                Recovery and in Light of the Attendant Risks of Litigation....................14

VI.     THE PROPOSED NOTICE TO ZERIFY SHAREHOLDERS  SATISFIES DUE
        PROCESS .................................................................................................15

VII.    THE PROPOSED PRELIMINARY APPROVAL ORDER....................................17

VIII.   CONCLUSION ..........................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arace v. Thompson*,
  2011 WL 3627716 (S.D.N.Y. Aug. 17, 2011) ........................................................ 16

*Beltran v. SOS Ltd.*,
  2023 WL 319895 (D.N.J. Jan. 3, 2023) ................................................................. 14

*Beneli v. BCA Fin. Servs., Inc.*,
  324 F.R.D. 89 (D.N.J. 2018) ................................................................................. 9

*Eichenholtz v. Brennan*,
  52 F.3d 478 (3d Cir. 1995) ................................................................................... 1

*Girsh v. Jepson*,
  521 F.2d 153 (3d Cir. 1975) .............................................................................. 8, 9

*Griffin v. M.L. Zager, P.C.*,
  2017 WL 3872401 (D.N.J. Sept. 1, 2017) ............................................................ 12

*Hill v. Cnty. of Montgomery*,
  2021 WL 2227796 (N.D.N.Y. June 2, 2021) ......................................................... 14

*In re Am. Family Enters.*,
  256 B.R. 377 (Bankr. D.N.J. 2000) ..................................................................... 8, 9

*In re Caterpillar, Inc. C13 and C15 Engine Prods. Liab. Litig.*,
  2016 WL 7130935 (D.N.J. May 25, 2016) ............................................................. 7

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ...................................................................... 9, 10, 13

*In re Chickie's & Pete's Wage & Hour Litig.*,
  2014 WL 911718 (E.D. Pa. Mar. 7, 2014) ............................................................ 12

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
  55 F.3d 768 (3d Cir. 1995) ................................................................................... 7

*In re Johnson & Johnson Derivative Litig.*,
  900 F. Supp. 2d 467 (D.N.J. 2012) ............................................................... *passim*

*In re Ocean Power Techs., Inc.*,
  2016 WL 6778218 (D.N.J. Nov. 15, 2016) .................................................... 7, 9, 10

*In re Rambus Inc. Derivative Litig.*,
  2009 WL 166689 (N.D. Cal. Jan. 20, 2009) ......................................................... 17

*In re Schering-Plough Corp. Enhance ERISA Litig.*,
  2012 WL 1964451 (D.N.J. May 31, 2012) ........................................................... 10

*In re Schering-Plough/Merck Merger Litig.*,
  2010 WL 1257722 (D.N.J. Mar. 26, 2010) ........................................................... 15

*In re School Asbestos Litig.*,
  921 F.2d 1330 (3d Cir. 1990) ......................................................................... 7, 13

*In re Synchronoss Techs., Inc. Stockholder Derivative Demand Refused Litig.*,
  2021 WL 5881638 (D.N.J. Dec. 13, 2021) .................................................... 9, 11, 15

*In re Warfarin Sodium Antitrust Litig.*,
  391 F.3d 516 (3d Cir. 2004) ................................................................................ 7

*Jones v. Commerce Bancorp, Inc.*,
  2007 WL 2085357 (D.N.J. July 16, 2007) ............................................................. 8

*Mulroy v. Nat'l Water Main Cleaning Co. of N.J.*,
  2014 WL 7051778 (D.N.J. Dec. 12, 2014) ............................................................. 8

*O'Brien v. Brain Research Labs, LLC*,
  2012 WL 3242365 (D.N.J. Aug. 9, 2012) ............................................................. 14

*Plymouth, Cnty, Contributory Ret. Sys. v. Hassan*,
  2012 WL 664827 (D.N.J. Feb. 28, 2012) ................................................... 11, 12, 13

*Pro v. Hertz Equip. Rental Corp.*,
  2013 WL 3167736 (D.N.J. June 20, 2013) ............................................................ 14

*Shlensky v. Dorsey*,
  574 F.2d 131 (3d Cir. 1978) ............................................................................... 8

*Smith v. Pro. Billing & Mgmt. Servs., Inc.*,
  2007 WL 4191749 (D.N.J. Nov. 21, 2007) ........................................................ 7, 8

## Rules

Fed. R. Civ. P. 23.1(c) ...................................................................................... 7

## Other Authorities

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.632 (2004) ................................... 7

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.633 (2004) ................................... 7

Pursuant to Fed. R. Civ. P. 23.1(c), Plaintiff Costantino Zanfardino, on behalf of Zerify, Inc. ("Zerify" or the "Company"), respectfully submits this Memorandum of Law in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Derivative Settlement.  The terms of the Settlement[1] are set forth in the Stipulation and Agreement of Settlement (the "Stipulation") dated November 20, 2024, attached as Exhibit 1 to the Declaration of Matthew F. Gately in Support of Plaintiff's Motion for Preliminary Approval.

Specifically, Plaintiff respectfully requests that the Court enter an order providing for, among other things: (i) preliminary approval of the Settlement as set forth in the Stipulation; (ii) approval of the method of providing notice of the Settlement to Current Zerify Shareholders; and (iii) setting a date for the Settlement Hearing for the purpose of determining whether the Settlement should be finally approved as fair, reasonable, and adequate.

## I.    PRELIMINARY STATEMENT

In determining whether preliminary approval of the proposed Settlement is warranted, the sole issue before the Court is whether the Settlement is within the range of what could be found to be fair, reasonable, and adequate so that notice can be given to Current Zerify Stockholders and a Settlement Hearing can be scheduled for the Court to consider final approval of the Settlement.  *See Eichenholtz v. Brennan*, 52 F.3d 478, 482 (3d Cir. 1995).  The Settlement here is the product of substantial effort, advocacy, and arm's-length negotiations conducted by skilled and experienced counsel for Plaintiff, the Individual Defendants, and nominal defendant Zerify. The Settlement guarantees Zerify the restoration of assets allegedly diverted from the Company and the return of

---

[1]    Unless noted otherwise, all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

allegedly excessive compensation and improves the Company's internal controls in the immediate years ahead.

Among the two remaining allegations in this Action, Plaintiff alleges that the Individual Defendants diverted assets belonging to the Company to acquire a personal financial interest for themselves in BlockSafe Technologies, Inc. ("BlockSafe"), a wholly owned subsidiary of the Company. Compl. ¶¶ 30-32; 82-86.[2] As part of the Settlement, the Individual Defendants have agreed to return their financial interest in BlockSafe to the Company. This ensures that any future payments from BlockSafe will be made directly to the Company.

The second remaining allegation concerns the Individual Defendants' receipt of excessive compensation, including through their receipt of Company stock or options. Compl. ¶¶ 24-25, 41-42, 59-63, 77-81. As part of the Settlement, Defendants Waller and Pemmaraju have agreed to return 75% of the Company's common stock in question (constituting 6,892,220 shares and 7,375,000 shares, respectively) back to the Company. At the time these shares were issued, the shares were valued at approximately $2.5 million, collectively.

The retrospective and prospective relief set forth above will rectify the improper compensation arrogated to themselves by the Individual Defendants and substantially reduce the probability of similar alleged wrongdoing in the future and significantly enhance shareholder value by strengthening Zerify's internal controls.

In light of the substantial benefits guaranteed by the Settlement and the significant risk that continued litigation would be costly, time-consuming, and yield no additional benefit, the proposed Settlement falls well within the range of reasonableness. Accordingly, Plaintiff respectfully requests

---

[2] The Complaint included additional allegations that were dismissed in connection with Defendants' motions to dismiss. *See* ECF No. 25.

that the Court grant preliminary approval of the Settlement, provide for notice to Zerify Shareholders, and schedule a date for a final approval hearing.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

### A.     Factual Background

Zerify, formerly known as Strikeforce Technologies, Inc., is a Wyoming Corporation. Compl. ¶ 6. The Company describes itself as a software development and services company. *Id*. ¶ 11. Since its inception in 2001, the Company has incurred substantial losses. *Id*. ¶¶ 12, 14. During the relevant time period, the Company's Board consisted of only three members—the three Individual Defendants: Mark L. Kay (CEO), Ramarao Pemmaraju (Co-Founder, Chief Technology Officer and Corporate Secretary) and George Waller (Co-Founder, Executive Vice President and Head of Marketing). *Id*. ¶¶ 7-10.

Zerify was experiencing significant financial difficulties during 2020 and 2021. The Company had revenues of only $400,000 with losses exceeding $27 million during that time. *Id*. ¶ 71. Despite the hardships faced by the Company and its shareholders, the Individual Defendants utilized their power to enrich themselves at the Company's expense. The Individual Defendants used their 80% voting control of the Company to issue themselves new shares as salary or other compensation and acquired personal ownership interests in BlockSafe that should have belonged to the Company. *Id*. ¶¶ 17-19, 24-25, 41-42, 62-63, 79, 84-86.

Due to their positions as directors of the Company, and because of their ability to control the business and corporate affairs of the Company, the Individual Defendants owed the Company and its shareholders—when discharging their duties as directors—a duty to act in good faith and in the Company's best interest. Plaintiff alleges that in direct contravention of those duties,

Defendants enriched themselves at the Company's expense, thereby breaching their fiduciary duties.

### B.    Proceedings in this Action

On June 10, 2022, Plaintiff issued a Demand to the Board pursuant to Wyo. Stat. Ann. § 17-16-742 to investigate the alleged misconduct which, ultimately, was alleged in the Action.

On August 19, 2022, the Board responded to the Demand and provided certain information requested in the Demand and informed Plaintiff that, after investigation, the Board concluded that neither the Company nor any of its officers or directors engaged in any wrongdoing in connection with the transactions noted in the Demand and, as a result, it would not commence any litigation in response to Plaintiff's Demand.

On December 12, 2022, Plaintiff commenced the Action derivatively on behalf of Zerify.

On June 8, 2023, Defendants filed motions to dismiss the Complaint.

On November 28, 2023, the Court granted, *in part*, and denied, *in part*, Defendants' motions to dismiss as follows: (1) granting Defendants' motion and dismissing Plaintiff's claims for breach of fiduciary duty and unjust enrichment as to the Auctus Fund LLC transaction, the Crown Bridge Partners LLC transaction, the issuance of preferred stock and the approval of reverse splits; (2) granting Defendants' motion and dismissing Plaintiff's claim for corporate waste; and (3) denying Defendants' motion to dismiss as relates to the allegations concerning the BlockSafe transactions and the issuance of common stock, other shares and warrants.

On January 12, 2024, Defendants filed Answers to the Complaint, denying the material allegations therein.

On February 21, 2024, the Settling Parties submitted a proposed joint discovery plan to the Court.

On March 22, 2024, Plaintiff served the Individual Defendants with a first set of requests for production of documents and first set of interrogatories.

On June 5, 2024, the Settling Parties submitted a revised joint discovery plan to the Court.

On June 10, 2024, the Settling Parties participated in a Rule 16 Conference with Magistrate Judge André M. Espinosa.

On June 25, 2024, the Court issued a Pretrial Scheduling Order.

In March 2024, after the motions to dismiss were granted in part and denied in part, Plaintiff and the Individual Defendants began discussing a potential settlement. The Settling Parties then agreed to stay the Action while they negotiated and finalized the Settlement. ECF Nos. 37, 39, 42.

Plaintiff and the Individual Defendants continued to exchange proposals and counterproposals through September 2024, engaging in a number of verbal and written exchanges. In these exchanges, Plaintiff requested, and the Individual Defendants produced, certain financial confirmatory discovery, and the Settling Parties ultimately agreed on the material terms of a settlement, which were finalized and documented in the Stipulation (the "Settlement").

## III.    THE SETTLEMENT CONFERS SUBSTANTIAL BENEFITS ON ZERIFY

The Settling Parties agree that the Settlement confers substantial benefits on Zerify. Stipulation ¶ IV.2.2. As discussed above, the Settlement addresses the core concerns that remain in the Action and offers Zerify and its shareholders the benefit of reforms that will provide value to Zerify for years to come.

Defendants have agreed to effectuate and adopt the following relief and reforms ("Relief"):

(a)    Appoint, at Defendants' expense, a retired judge of the United States District Court for the District of New Jersey, who is reasonably satisfactory to Plaintiff, as an independent overseer whose approval will be required for any transaction occurring

during a period of two years from the date of that person's appointment involving the Company which benefit any of the Individual Defendants, directly or indirectly, except for any transactions that would benefit the Individual Defendants in their capacity as shareholders of the Company;

(b)    To the extent that a retired judge of the United States District Court for the District of New Jersey is not available, the parties agree to meet and confer in good faith to identify a suitable alternative retired federal judge from another jurisdiction;

(c)    The Individual Defendants will relinquish all their personal ownership interest in BlockSafe and return such interest to the Company;[3] and

(d)    Individual Defendants Waller and Pemmaraju will return 75% of the shares of Company stock that were issued to them in 2021 (constituting 6,892,220 shares and 7,375,000 shares, respectively) to the Company.

As additional consideration, due to the lack of insurance available to cover any claims emanating from the alleged misconduct asserted in this Action, the Settling Parties have agreed that the Individual Defendants will personally pay a maximum of $25,000.00 towards any Fee and Expense Amount awarded by the Court.[4]  Stipulation ¶ IV.2.4.

Zerify, through its Board, acknowledges that the Relief would not have been implemented but for Plaintiff's efforts.  *Id*. ¶ IV.2.3.

---

[3]    For avoidance of doubt, nothing shall prohibit any Individual Defendant, as a shareholder in the Company, from enjoying any benefit in connection with BlockSafe that accrues to the Company.

[4]    The payment of such amount is not intended to serve as a measure of, much less a cap on the Fee and Expense Amount that may be awarded by the Court to Plaintiff's Counsel but is in recognition of the financial condition of the Individual Defendants, as confirmed through discovery.

## IV.    LEGAL STANDARDS FOR PRELIMINARY APPROVAL

It is well settled that "the law encourages and favors settlement of civil actions in federal courts" particularly in complex actions.  *In re Ocean Power Techs., Inc.*, 2016 WL 6778218, at *11 (D.N.J. Nov. 15, 2016) (citing *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004) ("[T]here is an overriding public interest in settling class action litigation.")); *see also In re Gen. Motors Corp. Pick- Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995) ("The law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation."); *In re School Asbestos Litig.*, 921 F.2d 1330, 1333 (3d Cir. 1990) (there is a policy in the Third Circuit of "encouraging settlement of complex litigation that otherwise could linger for years").  "Accordingly, when a settlement is reached on terms agreeable to all parties, it is to be encouraged." *In re Ocean Power*, 2016 WL 6778218, at *11.

Court approval is required for the settlement of a derivative claim.  Fed. R. Civ. P. 23.1(c). "Judicial review . . . is a two-step process: preliminary fairness approval and a subsequent fairness hearing." *Smith v. Pro. Billing & Mgmt. Servs., Inc.*, 2007 WL 4191749, at *1 (D.N.J. Nov. 21, 2007).  At the preliminary approval stage, the Court is tasked only with making a "preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms."  MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.633 (2004) ("MCL").  This is a low threshold, requiring the Court to determine only whether the proposed settlement is "within the range of reasonableness meriting possible final approval."  *See In re Caterpillar, Inc. C13 and C15 Engine Prods. Liab. Litig.*, 2016 WL 7130935, at *2 (D.N.J. May 25, 2016).  If the Court determines that the proposed settlement is within the range of reasonableness, the Court must "direct the preparation of notice of the . . . proposed settlement, and date of the final fairness hearing."  MCL § 21.632.

"Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies, and the settlement falls within the range of reason." *Smith*, 2007 WL 4191749, at *1. In general, "[p]reliminary approval . . . is granted unless a proposed settlement is obviously deficient." *Jones v. Commerce Bancorp, Inc.*, 2007 WL 2085357, at *2 (D.N.J. July 16, 2007).

## V.  THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL

In evaluating a settlement, courts within the Third Circuit consider the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) (the "*Girsh* factors"); *see Shlensky v. Dorsey*, 574 F.2d 131, 147 (3d Cir. 1978) ("[T]he standards annunciated in *Girsh* . . . have accordingly been applied, although perhaps with somewhat less rigor, in the settlement of [stockholders'] derivative suits."); *Mulroy v. Nat'l Water Main Cleaning Co. of N.J.*, 2014 WL 7051778, at *2 (D.N.J. Dec. 12, 2014) (same). The factors considered include:

> (1) the complexity, expense and likely duration of the litigation...; (2) the reaction of the class to the settlement...; (3) the stage of the proceedings and the amount of discovery completed...; (4) the risks of establishing liability...; (5) the risks of establishing damages...; (6) the risks of maintaining the class action through the trial...; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery...; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation....

*Girsh*, 521 F.2d at 157 (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) (omissions in original)). Because these factors are merely a "guide," *In re Am. Family Enters.*, 256 B.R. 377, 418 (Bankr. D.N.J. 2000), the Court "must look at all the circumstances of the case and

determine whether the settlement is within the range of reasonableness under *Girsh*."[5] *Id.* (citation omitted).

A preliminary analysis of the applicable *Girsh* factors demonstrates that the Settlement is well within the range of reasonableness and merits preliminary approval.

### A.    Continued Litigation Would be Complicated, Costly, and Time-Consuming

The complexity, expense, and likely duration of the Action supports preliminary approval. This factor "captures the probable costs, in both time and money, of continued litigation." *In re Cendant Corp. Litig.*, 264 F.3d 201, 233 (3d Cir. 2001) (internal quotation marks and citation omitted). "By measuring the costs of continuing on the adversarial path, a court can gauge the benefit of settling the claim amicably." *Beneli v. BCA Fin. Servs., Inc.*, 324 F.R.D. 89, 102 (D.N.J. 2018) (internal quotation marks and citation omitted). "Settlement is favored under this factor if litigation is expected to be complex, expensive and time consuming.'" *In re Ocean Power*, 2016 WL 6778218, at *12 (internal quotation marks and citation omitted).

Continued litigation of the Action would undoubtedly be time consuming and expensive. "[S]hareholder derivative actions are, by their nature, 'undeniably complex.'" *In re Synchronoss Techs., Inc. Stockholder Derivative Demand Refused Litig.*, 2021 WL 5881638, at *5 (D.N.J. Dec. 13, 2021) (citation omitted). Here, the Action concerns, among other things, self-dealing at the expense of the Company, conflicts of interest, questions of director compensation and corporate valuations. The subject matter would necessarily involve substantial witness testimony and further

---

[5]    The "absence of one or more [factor] does not automatically render the settlement unfair." *Am Family Enters.*, 256 B.R. at 418. Several of the *Girsh* factors are not applicable here. For example, the proposed notice has not yet been published, so the Court cannot yet gauge the "reaction of the class to the settlement." *Girsh*, 521 F.2d at 157. Additionally, "[t]he risk of maintaining the class action throughout trial factor is inapplicable to [stockholder] derivative actions[.]" *In re Johnson & Johnson Derivative Litig.*, 900 F. Supp. 2d 467, 484 (D.N.J. 2012).

document review and analysis and would require the parties to invest significant resources in developing expert analysis and testimony regarding the alleged misconduct. This would be a significant, highly complex, and challenging undertaking for the parties and the Court. *See In re Cendant*, 264 F.3d at 233 ("the complex accounting issues involved with respect to damages" and "the need for expert review and testimony" increased the likely expense and duration of the litigation); *In re Schering-Plough Corp. Enhance ERISA Litig.*, 2012 WL 1964451, at *4 (D.N.J. May 31, 2012) ("Without settlement, the parties would need to engage in extensive additional discovery, as well as the exchange of pre-trial, and potentially, trial and post-trial motions," a factor that weighs in favor of approval.).

Even if the case progressed beyond dispositive motions, and reached a "favorable verdict after trial, there is no question that any verdict would be the subject of numerous post-trial motions and a complex multi-year appellate process." *In re Ocean Power*, 2016 WL 6778218, at *12. Approving the Settlement now "secures a substantial and certain recovery . . . undiminished by further expenses and without the delays, risks, and uncertainties of continued litigation." *Id.* at *13.

**B.    The Degree of Case Development and Informal Discovery Permit Counsel to Make Well-Informed Judgments Regarding the Merits and the Proposed Settlement**

This factor examines "the degree of case development that class counsel have accomplished" in an effort to determine whether "counsel had an adequate appreciation of the merits of the case before negotiating." *In re Cendant*, 264 F.3d at 235 (internal quotation marks and citation omitted). "Courts in this Circuit frequently approve class action settlement[s] despite the absence of formal discovery[,]" where the record indicates that the parties are nevertheless equipped to make informed judgments about the merits and settlement. *In re Ocean Power*, 2016 WL 6778218, at *17; *see In re Johnson & Johnson Derivative Litig.*, 900 F. Supp. 2d 467, 482 (D.N.J. 2012) ("Even settlements reached at a very early stage and prior to formal discovery are appropriate where there is no evidence

of collusion and the settlement represents substantial concessions by both parties."); *Plymouth, Cnty, Contributory Ret. Sys. v. Hassan*, 2012 WL 664827, at *3 (D.N.J. Feb. 28, 2012) (courts consider "both formal and 'informal' discovery"). Plaintiff's Counsel's conclusion that the Settlement serves Zerify's best interests is well informed. Thus, the settlement is both procedurally and substantively fair, reasonable, and adequate.

Litigation progressed through briefing and a decision on Defendants' motions to dismiss. These efforts allowed the Settling Parties to develop a thorough grounding in the applicable law, to understand the merits of the derivative claims and any defenses thereto, and to appreciate the complexities and risks of further litigation.

In addition to the foregoing efforts, Plaintiff's Counsel further developed their understanding of the facts and circumstances surrounding the claims and of the relative strength of the claims and defenses through: (i) reviewing Zerify's press releases, public statements and SEC filings; (ii) reviewing related media reports about the Company; (iii) reviewing the Individual Defendants' personal financial statements; (iv) researching applicable law with respect to the claims alleged in the Action and potential defenses thereto; (v) preparing and filing the Complaint; (vi) preparing and issuing the Demand; (vii) conducting discovery of the financial circumstances of the Individual Defendants, and (viii) negotiating the Settlement, including researching potential reforms that the Company ultimately agreed to adopt as consideration of the Settlement.

Moreover, settlements reached prior to formal discovery are "appropriate where there is no evidence of collusion and the settlement represents substantial concessions by both parties. . . . Indeed, courts in this district have approved settlements while the case was in the pre-trial stage and formal discovery had not yet commenced." *See, e.g.*, *In re Synchronoss Techs.*, 2021 WL

5881638, at *6 (omission in original); *Griffin v. M.L. Zager, P.C.*, 2017 WL 3872401, at *7 (D.N.J. Sept. 1, 2017).

The process of reaching the Settlement was fair as it was reached after extensive, arms'-length negotiations. *See* Stipulation § 1. Further, there was never any negotiation or agreement over the amount of attorneys' fees that may be paid to Plaintiff's Counsel, with the Settling Parties agreeing that any such amount would be entirely subject to the Court's discretion.[6] *See e.*g., *In re Chickie's & Pete's Wage & Hour Litig.*, 2014 WL 911718, at *4 (E.D. Pa. Mar. 7, 2014) (recognizing that the fact that attorneys' fees were not negotiated until after the material terms of the settlement had been agreed upon further demonstrated the fairness of the settlement because "the amount of attorneys' fees could not have affected the amount of [the] recovery").

In sum, Plaintiff's Counsel were well-informed of the merits when they negotiated the Settlement which was conducted at arms'-length, providing further support for preliminary approval.

### C. The Risks of Attempting to Establish Liability and Damages through Continued Litigation Are Substantial

A "survey [of] the potential risks and rewards of proceeding to litigation" demonstrates that "the benefits of an immediate settlement" outweigh the costs, risks, and delays that would arise if Plaintiff attempted to improve on the Settlement's substantial benefits through further litigation. *In re Johnson & Johnson*, 900 F. Supp. 2d at 483 (internal quotation marks and citation omitted). Further litigation in the Action would be a costly, complex, and risky undertaking with no guarantee of success. *See Plymouth*, 2012 WL 664827, at *3 ("[Stockholder] derivative

---

[6] In connection with final approval of the Settlement, Plaintiff's Counsel will provide the Court with support as to the requested Fee and Expense Amount.

litigation is always notably difficult and unpredictable." (internal quotation marks and citation omitted)).

Continued litigation would require extensive formal discovery, substantial discovery-related, dispositive, and pre-trial motion practice, and trial. Each stage would pose significant risks that Plaintiff would be unable to adduce sufficient evidence to support each element of his claim and survive summary adjudication, and, of course, "[a] trial on the merits always entails considerable risk." *Id.* Moreover, even if Plaintiff's claims were successful at trial, Defendants "would likely appeal, which would further delay resolution of the suit and impede finality." *In re Johnson & Johnson*, 900 F. Supp. 2d at 484 (noting that "real and extensive risks involved" "weigh[ed] heavily in favor of approval of the settlement"). Such an appeal could also erase any of the benefits obtained at trial.

Thus, while Plaintiff continues to believe that his claims have merit, the significant uncertainties in complex cases like the Action substantially weigh in favor of the Settlement. *In re School Asbestos*, 921 F.2d at 1333 (encouraging settlement of complex litigation that "otherwise could linger for years").

### D.    The Individual Defendants' Limited Financial Assets

This *Girsh* factor "addresses whether Defendants could withstand a [monetary] judgment for an amount significantly greater than the [proposed] Settlement." *In re Johnson & Johnson*, 900 F. Supp. 2d at 484 (alterations in original) (internal quotation marks and citation omitted); *In re Cendant*, 264 F.3d at 240 (same).

Here, neither the Company nor the Individual Defendants have any insurance policy that would cover the conduct in question. Gately Decl. ¶ 5. Plaintiff's Counsel requested, and received, discovery concerning the Individual Defendant's personal financial assets. *Id*. ¶ 6. That discovery confirmed that the Individual Defendants' have limited financial assets to pay any significant

13

monetary judgment that Plaintiff may receive following a successful trial on the merits (*id.* ¶ 7), which militates in favor of settlement.  *See, e.g., Beltran v. SOS Ltd.*, 2023 WL 319895, at *6 (D.N.J. Jan. 3, 2023), *report and recommendation adopted*, 2023 WL 316294 (D.N.J. Jan. 19, 2023) (finding "the attendant risks of this litigation are relatively high" where "Defendants have no applicable insurance coverage to assist in satisfying a judgment."); *Hill v. Cnty. of Montgomery*, 2021 WL 2227796, at *5 (N.D.N.Y. June 2, 2021) (finding that defendants' ability to pay and the lack of insurance coverage "important factor[s] in negotiating the Settlement.").[7]

### E.   Range of Reasonableness of Settlement in Light of the Best Possible Recovery and in Light of the Attendant Risks of Litigation

"The last two [*Girsh*] factors evaluate whether the settlement represents a fair and good value for a weak case or a poor value for a strong case."  *In re Johnson & Johnson*, 900 F. Supp. 2d at 484 (first alteration in original) (internal quotation marks and citation omitted).  "In conducting this evaluation, it is recognized that settlement represents a compromise in which the highest hopes for recovery are yielded in exchange for certainty and resolution and [courts should] guard against demanding [too] large a settlement based on the court's view of the merits of the litigation."  *Id.* at 484-85 (citation omitted).  These factors inquire "'whether the settlement is reasonable in light of the best possible recovery and the risks the parties would race if the case went to trial.'"  *Pro v. Hertz Equip. Rental Corp.*, 2013 WL 3167736, at *5 (D.N.J. June 20, 2013) (quoting *In re Prudential,* 148 F.3d at 322).

---

[7]  Even if the Individual Defendants had sufficient funds to pay a greater judgment, the Third Circuit "has found that a defendant's ability to pay a larger settlement sum is not particularly damaging to the settlement agreement's fairness as long as the other factors favor settlement."  *O'Brien v. Brain Research Labs, LLC*, 2012 WL 3242365, at *19 (D.N.J. Aug. 9, 2012) (citing *In re Prudential Ins. Co. America Sales Practice Litig. Agent Actions,* 148 F.3d 283, 321-22 (3d Cir. 1998)).

Here, the Settlement guarantees Zerify and its shareholders the substantial benefits described above, including: (a) the appointment of an independent overseer with respect to future transactions involving the Company which benefit any of the Individual Defendants, directly or indirectly for a period of two years; (b) the return of more than 14 million shares of Company stock from the Individual Defendants to the Company; (c) the return of the Individual Defendants' ownership interest in BlockSafe.

Not only would further litigation risk losing the substantial benefits secured through the Settlement, but there is no guarantee Plaintiff could secure all the aforementioned relief following a successful trial on the merits.  "Moreover, even if Plaintiffs ultimately obtained similar corporate governance reforms through a successful trial and appeal, settling at this juncture benefits [the Company] by ensuring that the reforms are implemented more expeditiously, and by eliminating future litigation costs." *In re Synchronoss Techs*., 2021 WL 5881638, at *7.

In sum, each of the applicable *Girsh* factors support preliminary approval of the Settlement.

## VI.    THE PROPOSED NOTICE TO ZERIFY SHAREHOLDERS SATISFIES DUE PROCESS

Settlement notice satisfies due process and Rule 23.1 standards when it is "sufficiently informative and give[s] sufficient opportunity for response." *In re Johnson & Johnson*, 900 F. Supp. 2d at 486 (quoting *Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1317 (3d Cir. 1993)).  The proposed content and method of notice to Zerify shareholders are "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections[,]" and therefore satisfy due process standards.  *In re Schering-Plough/Merck Merger Litig*., 2010 WL 1257722, at *12 n.6 (D.N.J. Mar. 26, 2010) (internal quotation marks and citation omitted).

The proposed Notice and Summary Notice are written in plain language that describes the allegations in the Action; the procedural history of the Action; the details of the Settlement, including the benefits provided to the Company; the Settling Parties' respective views on the Settlement; the procedure for objecting to the Settlement and/or the requested attorneys' fees and expenses; and the date, time, and place of the final approval hearing. *See* Stipulation Exs. D and F.

The proposed method of notice calls for Zerify to: (i) publish the Summary Notice once in *Investor's Business Daily*; (ii) file with the SEC a Current Report on Form 8-K, with an accompanying press release and attaching the Notice and the Stipulation together with its exhibits; and (iii) post the Notice and Stipulation to the Company's investor relations page of its website. The Notice and Summary Notice shall contain a link to the Company's website where stockholders can access the Current Report on Form 8-K, accompanying press release, the Notice, and the Stipulation together with its exhibits.

This method of notice has been widely used in similar shareholder derivative action settlements and approved by numerous courts as meeting the requirements of due process. *See, e.g.*, Preliminary Approval Order, *In re Synchronoss Techs., Inc. Stockholder Derivative Demand Refused Litig.*, No. 20-cv-07150 (FLW), (D.N.J. Sept. 14, 2021), ECF No. 31 (attached as Ex. 2 to the Gately Decl.); Order Preliminarily Approving Stockholder Derivative Settlement and Providing for Notice of Settlement ¶ 7, *Derrer v. Defeo*, No. 3:10-cv-00550-RNC, (D. Conn. Aug. 7, 2019), ECF No. 75 (attached as Ex. 3 to the Gately Decl.) (approving notice consisting of publication of summary notice once in *Investor's Business Daily*, publication of full notice and stipulation through the filing of a Form 8-K with the SEC, and posting the full notice and stipulation on the company's website); *see also Arace v. Thompson*, 2011 WL 3627716, at *4 (S.D.N.Y. Aug. 17, 2011) (noting that the publication of notice in *Investor's Business Daily* "sufficiently apprised [the company's] shareholders

of the nature of the proposed settlement, the upcoming public hearing on the matter, and the opportunity to object"); *In re Rambus Inc. Derivative Litig.*, 2009 WL 166689, at *2 (N.D. Cal. Jan. 20, 2009) (approving settlement where notice was published on company website and in a press release issued on *Business Wire* and filed in a Form 8-K with the SEC).

## VII.    THE PROPOSED PRELIMINARY APPROVAL ORDER

Plaintiff respectfully requests that the Court enter the Preliminary Approval Order, in the manner and form submitted herein as Exhibit E to the Stipulation. The Preliminary Approval Order, if approved by the Court, will:

1.      preliminarily approve the Settlement;

2.      approve the forms and manner of the dissemination of the Notice and Summary Notice to Current Zerify Shareholders; and

3.      set a date for the Settlement Hearing, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure.

Plaintiff respectfully offers for the Court's consideration the following proposed schedule of dates for the various events leading up to and including the Settlement Hearing:

| | |
|---|---|
| Zerify to disseminate the Notice and Summary Notice in accordance with the Preliminary Approval Order | • Within 10 calendar days after entry of the Preliminary Approval Order |
| Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing, publishing, disseminating and/or posting the Notice, Summary Notice and Postcard Notice | • At least 30 calendar days prior to the Settlement Hearing |

| | |
|---|---|
| All papers in support of final approval of the Settlement and the Fee and Expense Amount shall be filed with the Court and served | • At least 42 calendar days prior to the Settlement Hearing |
| Last day for Zerify Shareholders to file any objection to the Settlement or Fee and Expense Amount | • At least 14 calendar days prior to the Settlement Hearing |
| Parties to file with the Court and serve responses to any objections | • At least 7 calendar days prior to the Settlement Hearing |
| Settlement Hearing | • At least 100 calendar days following the entry of the Preliminary Approval Order, or at the Court's convenience[8] |

## VIII.  CONCLUSION

Plaintiff respectfully requests that the Court enter the proposed Preliminary Approval Order (Exhibit E to the Stipulation), granting preliminary approval of the proposed Settlement, ordering notice to Current Zerify Shareholders, and setting a date for the Settlement Hearing.

---

[8]  To allow for sufficient time to complete the Notice plan, afford Current Zerify Shareholders the opportunity to exercise their rights, and allow for the filing of final approval papers and replies, Plaintiff respectfully requests that the Court set the final Settlement Hearing for a date at least 100 days after the date of entry of the Preliminary Approval Order.

DATED: November 21, 2024

*/s/ Matthew F. Gately*
Matthew F. Gately
**COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP**
Park 80 Plaza West-One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
(201) 845-9600
mfg@njlawfirm.com

Robert S. Schachter
Justin M. Tarshis
Jessica Hermes
**ZWERLING, SCHACHTER
& ZWERLING, LLP**
41 Madison Avenue
New York, NY  10010
(212) 223-3900
rschachter@zsz.com
jtarshis@zsz.com
jhermes@zsz.com

*Counsel for Plaintiff Costantino Zanfardino*

19