UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COSTANTINO ZANFARDINO, Derivatively on Behalf of Nominal Defendant ZERIFY, INC., formerly known as STRIKEFORCE TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARK L. KAY, ROMARAO PEMMARAJU AND GEORGE WALLER, <br><br> Defendants, <br><br> And, <br><br> ZERIFY, INC., formerly known as STRIKEFORCE TECHNOLOGIES, INC. <br><br> Nominal Defendant. | Case No.: 3:22-cv-07258-MCA-AME |

**PRELIMINARY APPROVAL ORDER**

This matter came before the Court for a hearing on _____, 2024. Plaintiff has filed an unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement ("Settlement") of shareholder derivative claims, in accordance with the Stipulation and Agreement of Settlement dated November 20, 2024 (the "Stipulation"); and (ii) approving the form and manner of notice of the Settlement.[1]

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

2

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to, a proposed Settlement and dismissal of the this shareholder derivative action with prejudice as to the Released Persons; and

WHEREAS, the Court having read and considered Plaintiff's Unopposed Motion for Preliminary Approval of Shareholder Derivative Settlement together with the accompanying Memorandum of Law and the Stipulation, as well as all the exhibits attached thereto and heard and considered arguments by counsel for the Settling Parties in favor of preliminary approval of the Settlement; and

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Zerify and appears to be the product of serious, informed, non-collusive negotiations; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that Current Zerify Shareholders should be apprised of the Settlement through the proposed forms of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. This Court, for purposes of this Preliminary Approval Order, adopts the definitions set forth in the Stipulation.

2. This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

3. A hearing shall be held on March 20, 2025         , ____, at 3 p.m., before the Honorable Madeline Cox Arleo, at the United States District Court

3

for the District of New Jersey, Martin Luther King Jr. Bldg. & U.S. Courthouse, 50 Walnut Street, Newark N.J. New Jersey 07102, Courtroom 4A (the "Settlement Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the notice fully satisfied the requirements of Rule 23.1 of the Federal Rule of Civil Procedure and the requirements of due process; (iii) whether all Released Claims against the Released Persons should be fully and finally released; (iv) whether the Fee and Expense Amount and Service Award should be approved and the amounts thereof; and (v) such other matters as the Court may deem appropriate.

4. The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

5. Within ten (10) calendar days after the entry of the Preliminary Approval Order, Zerify shall: (i) publish the Summary Notice (substantially in the form attached as Exhibit F to the Stipulation), once in *Investor's Business Daily*; (ii) file with the SEC a Current Report on Form 8-K, with an accompanying press release and attaching the Notice (substantially in the form attached as Exhibit D to the Stipulation) and the Stipulation together with its exhibits; and (iii) post the Notice and Stipulation to the Company's investor relations page of its website.

6. The Notice and Summary Notice shall contain a link to the Company's website with the Current Report on Form 8-K, accompanying press release, the Notice, and the Stipulation together with its exhibits. All costs incurred in the filing, publication and dissemination of the Notice and Summary Notice shall be paid by Zerify, and Zerify shall undertake all administrative responsibility for the filing, publication and dissemination of the Notice and Summary Notice.

7. At least thirty (30) calendar days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing, publishing, and posting the Notice and Summary Notice as provided for in paragraph 5 of this Preliminary Approval Order.

8. All Current Zerify Shareholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current Zerify Shareholders.

9. Pending final determination of whether the Settlement should be approved, Plaintiff and Current Zerify Shareholders shall not commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

10. Any Current Zerify Shareholder may appear and show cause, if they have any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or the Fee and Expense Amount or Service Award should not be awarded. However, no Current Zerify Shareholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered hereon, unless that Zerify shareholder has caused to be filed, and served on counsel as noted below, written objections which: (i) state the name, legal address, email address and telephone number of the objector; (ii) state the case name and number (*Zanfardino v. Kay*, Case No. 2:22-CV-07258-MCA-AME); (iii) contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s), and if the objector has indicated that they intend to appear at the Settlement Hearing, the identity of any witnesses the objector may call to testify and the subject(s) of their testimony, and any exhibits the objector intends to introduce into evidence at the hearing; (iv) include

documentation sufficient to show that the objector owned shares of Zerify common stock as of November 20, 2024, and contains a statement that the objector continues to hold such shares as of the date of filing of the objection and will continue to hold those shares as of the date of the Settlement Hearing; and (v) are signed by the objector.

11. At least fourteen (14) calendar days prior to the Settlement Hearing set for March 20, 2025, any such Person must file the written objection(s) and corresponding materials with the Clerk of the Court, United States District Court for the District of New Jersey, Martin Luther King Jr. Bldg. & U.S. Courthouse, 50 Walnut Street, Newark N.J. New Jersey 07102, and serve such materials by that date, on each of the following Settling Parties' counsel:

*Counsel for Individual Defendants*

Andrew T. Hambelton
**BLANK ROME LLP**
1271 Avenue of the Americas
New York, New York 10020
Phone: (212) 885-5000
andrew.hambelton@blankrome.com

*Counsel for Nominal Defendant Zerify*

Robert J. Cahall
**McCORMICK & PRIORE, P.C.**
300 Carnegie Ctr. Blvd, Suite 160
Princeton, NJ 08540
Tel. (609) 716-9550
Fax (609) 716-8140
rcahall@mccormickpriore.com

*Counsel for Plaintiff*

Matthew F. Gately
**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
Park 80 Plaza West-One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
(201) 845-9600
mfg@njlawfirm.com

Robert S. Schachter
**ZWERLING, SCHACHTER & ZWERLING, LLP**
41 Madison Avenue
New York, NY 10010
(561) 245-4608
rschachter@zsz.com

12. Only Current Zerify Shareholders who have filed with the Court and served on the Settling Parties' counsel valid and timely written notices of objection will be entitled to be heard at the hearing unless the Court orders otherwise.

6

13. Any Person or entity who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense Amount and Service Award, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

14. Plaintiff shall file a motion for final approval of the Settlement and for the approval of an award of counsel fees and expenses to Plaintiffs' Counsel and a service award for Plaintiff at least forty-two (42) calendar days prior to the Settlement Hearing. If there is any objection to the Settlement or the request for counsel fees and expenses or Plaintiff's service award, Plaintiff shall file a response to the objection(s) at least seven (7) calendar days prior to the Settlement Hearing.

15. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of this Stipulation.

16. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Zerify shareholders.

17. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties or Released Persons, or of the validity of any Released Claims; or (ii) is intended by the Settling Parties to be offered or received as evidence or used by any other Person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

18.  The Court reserves: (i) the right to approve the Settlement, with such modifications as may be agreed to by counsel for the Settling Parties consistent with such Settlement, without further notice to Zerify shareholders; and (ii) the right to continue or adjourn the Settlement Hearing from time to time or by oral announcement at the hearing or at any adjournment thereof, without further notice to Zerify shareholders.

**IT IS SO ORDERED.**

DATED: Dec 3-24

_____
Honorable Madeline Cox Arleo
United States District Judge

8